IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH REESE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:16-cv-227-TFM [wo] |
| ARMY FLEET SUPPORT, LLC | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties pursuant to 28 U.S.C. § 636(c). *See* Doc. 31. Pending before the Court is the Defendant's Motion for Leave to File Dispositive Motion (Doc. 28, filed 3/6/18). Plaintiff timely filed his response in opposition (Doc. 30, filed 3/7/18). After a review of the motion, response, and relevant law, the Court DENIES the motion for leave to file a dispositive motion at this late stage.

#### I. BACKGROUND

As the dates and deadlines are what are at issue, the Court provides a chronology of the pertinent dates when considering the Defendant's motion.

- April 4, 2016 – Kenneth Reese ("Reese" or "Plaintiff") filed this lawsuit. *See* Doc. 1.

- June 6, 2016 – Army Fleet Support, LLC ("AFS" or "Defendant") filed its Answer. *See* Doc. 5.

- June 24, 2016 – Report of Parties' Planning Meeting filed in accordance with Fed. R. Civ. P. 26(f). *See* Doc. 8.

- July 1, 2016 – the Court entered its Uniform Scheduling Order. *See* Doc. 12.

- January 10, 2017 – Due to a change in its schedule, the Court *sua sponte* amended the scheduling order to adjust the pretrial date, trial date, and filing corresponding witness list, deposition designations, and exhibit lists.

- February 9, 2017 – The parties filed a joint motion to extend deadlines. *See* Doc. 14. This included several discovery deadlines, the dispositive motions deadline, and the pretrial/trial dates. The parties proposed a new discovery deadline of July 21, 2017 and dispositive motions deadline of August 20, 2017. They also proposed a pretrial conference on January 2, 2018 and a trial on February 5, 2018. *Id*.

- February 13, 2017 – The Court granted the joint motion with modifications and entered an Amended Uniform Scheduling Order. *See* Doc. 15. Specifically, the Court set slightly later deadlines based on the Court's trial calendar as no February 2018 trial term existed. Therefore, the Court set the trial date for April 16, 2018 and deadlines adjusted to that trial date. As such, the discovery cut-off was set at September 8, 2017 and the dispositive motions deadline was October 9, 2017.

- September 8, 2017 – discovery deadline

- October 9, 2017 – dispositive motions deadline

- March 6, 2018 – Defendant files motion for leave to file dispositive motion

- March 7, 2018 – Plaintiff files response in opposition

- March 8, 2018 – Initial pretrial conference and reassignment to undersigned

- March 20, 2018 – Follow up pretrial conference. Court discussed the pending motion with counsel for all parties.

- April 16, 2018 – Scheduled jury trial.

## II. Law and Analysis

As aptly noted by Plaintiff is the response in opposition, this issue has been addressed by courts in the Middle District of Alabama. *See, e.g. McClaney v. Macon Cty. Bd. of Educ.*, Civ. Act. No. 3:10-cv-219, 2011 U.S. Dist. LEXIS 259, 2011 WL 9015 (M.D. Ala. Jan 3, 2011) (Thompson, J.) While not binding on this case, the analysis is persuasive.

A district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(2)-(3)(A). The scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee note). A district court retains "broad discretion in deciding in deciding how best to manage the cases before them…and that discretion extends to whether to consider untimely motions for summary judgment." *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 595 (11th Cir. 2008) (internal quotations and citations omitted). "Absent good cause, a party's lack of diligence and failure to notify the court of delays would render scheduling orders meaningless." *Nat'l Trust Ins. Co. v. Graham Bros. Constr.*, 916 F. Supp.2d 1244, 1250-51 (M.D. Fla. 2013) (quoting *McClaney* and *Sosa*). Finally, the Court's Scheduling Order states "Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and 'eleventh hour' extension requests and motions will be denied outright." *See* Doc. 12, § 15(B); Doc. 15, § 13(B).

Based on the above, Defendant AFS bears the burden of demonstrating good cause for modifying the scheduling order and accepting the untimely motion for summary judgment five

months after the dispositive motions deadline and a mere month before trial. At the pretrial conference the Court inquired into the good cause for the failure to file the motion previously. To their credit, counsel acknowledged that the motion could have been filed sooner and they were aware of the bankruptcy matter through discovery. As such, the Court finds there is not good cause for accepting the untimely motion and Plaintiff would be prejudiced by its consideration.

However, the Court will also note that even if the motion were timely, it does not appear that the remedy requested would have been warranted. To the extent there is an issue on whether this matter falls within the ambit of the 2011 bankruptcy case, there is still a less drastic remedies available than judicial estoppel of Plaintiff's claim. For example, the Bankruptcy Administrator may seek to intervene both before the trial (as an interested party) or after the resolution of this case (if there is a favorable outcome for Plaintiff) to reopen the bankruptcy case (Bankr. Case No. 11-11471).

### III. Conclusion

Based on the analysis contained in this Memorandum Opinion, it is ORDERED that the Motion for Leave to File Dispositive Motion (Doc. 28) is DENIED.

The Clerk of Court is DIRECTED to provide a copy of this Opinion to the U.S. Bankruptcy Administrator for the Middle District of Alabama.

DONE this 21st day of March, 2018.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE