IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cv-227-TFM |
| | ) | |
| ARMY FLEET SUPPORT, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties pursuant to 28 U.S.C. § 636(c). *See* Doc. 31. Pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law or Alternatively, Motion for New Trial (Doc. 85, filed 5/17/18). After a review of the motion, response, reply, and relevant law, the Court DENIES the motion and alternative motion.

**I. BACKGROUND**

On April 4, 2016, Plaintiff Kenneth Reese ("Reese" or "Plaintiff") initiated this lawsuit by filing a complaint alleging violations of the Uniform Services Employment and Reemployment Rights Act ("USERRA"). *See* Doc. 1. On June 6, 2016, Defendant L-3 Army Sustainment LLC d/b/a Army Fleet Support ("AFS" or "Defendant") filed its answer. *See* Doc. 5. Plaintiff specifically alleged that he was ordered to active duty on January 24, 2003 while he worked for Dyncorp (the predecessor company for AFS). On June 2, 2009, Plaintiff was honorably released from active duty after serving on continuous active duty for over six years. Plaintiff alleges that though he exceeded the normal five year timeframe allowed by USERRA, his service fell under a USERRA exemption because it fell under Proclamation 7463 declared a

national emergency following the September 11, 2001 attacks on the World Trade Center when he was called up to support a deployment for Operation Enduring Freedom. Plaintiff alleges he returned to AFS in July 2009 which was within the 90-day requirement for USERRA. He further avers that AFS told him that because he was on military leave in excess of 5-years that he was not eligible for return with USERRA benefits and would have to apply as a new hire. After several months, he eventually heard that AFS was hiring and after applying, he was hired as a new employee. After his mandatory ninety (90) day probation period, Plaintiff approached his Union to begin the process of restoring his seniority and benefits under USERRA. Ultimately, Plaintiff's benefits were not restored which resulted in the instant lawsuit. Defendant denies that Plaintiff sought reemployment within 90-days of his release from active duty.

On March 20, 2018, the Court held a pretrial conference in this case and set a pretrial motions hearing for April 13, 2018 with jury selection and trial beginning on April 16, 2018. *See* Docs. 40, 68. At the motions hearing, the Court ruled on a number of pretrial motions in limine and admissibility of evidence. The Court continued to review last minute issues that arose over the weekend and made final rulings on those matters on April 16-17.

Starting on April 17, 2018, the jury heard preliminary instructions, opening statements, and presentation of witnesses and documentary evidence. Plaintiff rested his case on April 18, 2018. The Defendant made its first motion for judgment as a matter of law which was orally denied. The case resumed with Defendant's presentation on April 19, 2018. At the conclusion of Defendant's presentation, both parties made cross-motions for judgment as a matter of law which were both orally denied. The parties then presented their closing arguments and after hearing the Court's instructions, the jury began its deliberation at 2:19 p.m. At 3:35 p.m., the jury rendered its verdict. *See* Doc. 79. The jury found that (1) Plaintiff left employment with

AFS to perform service in a uniformed service, (2) that Plaintiff gave AFS advance notice of the service or that it was impossible or unreasonable to give advance notice of the service, (3) that the cumulative length of Plaintiff's absence from employment with AFS because of military service does not exceed five years OR that the five year rule is exempted due to a Presidential declaration of war or national emergency, and (4) that Plaintiff <u>did not</u> timely return to AFS or timely apply for reemployment after completing the service." *Id*.

On May 17, 2018, the Plaintiff filed a renewed motion for judgment as a matter of law or alternatively, motion for new trial. *See* Doc. 85. Defendant timely responded. *See* Doc. 89. Plaintiff then filed a reply. *See* Doc. 92. The motion is fully submitted and the Court determines that no oral argument is necessary.

## II. STANDARD OF REVIEW

**A.     Rule 50(b) – Renewed Judgment as a Matter of Law**

Under Rule 50, "[a] party's motion for judgment as a matter of law can be granted at the close of evidence or, if timely renewed, after the jury has returned its verdict, as long as 'there is no legally sufficient evidentiary basis for a reasonable jury to find'" for the non-moving party. *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)). "The fact that Rule 50(b) uses the word 'renew[ed]' makes clear that a Rule 50(b) motion should be decided in the same way it would have been decided prior to the jury's verdict, and that the jury's particular findings are not germane to the legal analysis." *Chaney*, 483 F.3d at 1228 (quoting *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004)).

A renewed motion post-verdict must be based upon the same grounds as the original request made at the close of evidence and prior to the case being submitted to a jury. *Howard v.*

*Walgreen Co.*, 605 F.3d 1239, 1243 (11th Cir. 2010). Regardless of timing (before or after jury verdict), the "proper analysis is squarely and narrowly focused on the sufficiency of evidence," that is, whether the evidence is "legally sufficient to find for the party on that issue." *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948 (11th Cir. 2018) (quoting *Chaney*). All reasonable inferences are drawn in favor of the nonmoving party, no credibility determinations may be made, the evidence may not be weighed, and evidence that the jury need not have believed is to be disregarded. *Id*. (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). Finally, "[j]udgment as a matter of law is appropriate only if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Middlebrooks v. Hillcrest Foods Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001).

**B.      Rule 59**

A Rule 59 motion for a new trial based on evidentiary grounds is to be granted only if the verdict "is against the clear weight of the evidence or will result in a miscarriage of justice." *Chmielewski*, 890 F.3d at 948 (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Lipphardt*, 267 F.3d at 1186.

### III. DISCUSSION AND ANALYSIS

**A.      Renewed Motion for Judgment as a Matter of Law**

For the same reasons the Court denied the competing motions filed by Plaintiff and Defendant when they each moved for judgment as a matter of law, the instant motion is also due

denial.  The competing evidence was properly sent to the jury for decision.  Plaintiff continues to argue that his evidence was "undisputed" and "uncontested."  However, believing that does not make it so.  Rather, Plaintiff offered his testimony that he returned to work within the 90-days required by USERRA and the testimony of friends.  Juries are free to weigh the credibility of that testimony and reject it – as they did.  Further, Defendant presented its own evidence that contradicted Plaintiff's claims.  That testimony was also free to be weighed by the jury.  Plaintiff seems to rely upon the fact that AFS lacked documentary evidence disproving Plaintiff's claim he returned.  Plaintiff also argues that because he testified about a conversation with Lesa Hatfield which she testified she did not remember, that the jury must accept his version as true.  However, Lesa Hatfield testified that she did not remember such a meeting and did not believe that it occurred because she would not have addressed any USERRA issues with him, but instead would have taken him to a different Human Resource person.  The Court specifically instructed the jury on the credibility of witnesses as follows:

> When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.
>
> To decide whether you believe any witness I suggest that you ask yourself a few questions:
>
> 1. Did the witness impress you as one who was telling the truth?
> 2. Did the witness have any particular reason not to tell the truth?
> 3. Did the witness have a personal interest in the outcome of the case?
> 4. Did the witness seem to have a good memory?
> 5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
> 6. Did the witness appear to understand the questions clearly and answer them directly?
> 7. Did the witness's testimony differ from other testimony or other evidence?

*See* Doc. 84, at p. 3-4.  That is precisely what the jury did here.  The jury evaluated Plaintiff's testimony (and that of his friends) and chose to disbelieve them.  It is not for this Court to reevaluate the credibility of the testimony.  Therefore, the Court denies the renewed judgment as a matter of law.

**B.     Motion for New Trial**

Plaintiff alternatively requests a new trial asserting errors during the trial relating to (1) jury instructions, (2) refusal to grant a mistrial, (3) allowing admission of irrelevant, misleading, confusing, and prejudicial evidence, and (4) allowing a new distracting defense introduced on the eve of trial.  The Court will address each in turn, but not in that particular order.

   **i.     New Defense**

Plaintiff repeatedly complained that Defendant asserted a "new defense" regarding whether Plaintiff was on continuous military leave.  As the Court previously stated, a defendant requiring Plaintiff to prove an element of his case is not a "new defense" designed to confuse the jury.  The first three elements of a USERRA claim require a Plaintiff to prove that he left employment to perform uniformed service, gave advance notice of the service, and that the cumulative length of absence due to military service was not more than five years or exempt from the five-year rule.  Finally, the fifth element required that Plaintiff show he was separated from the service under honorable conditions.  Throughout the case (and indeed likely the history of this dispute), Defendant requested and Plaintiff failed to provide a copy of his various military orders and/or DD214s for each period of service.  While the crux of this case was whether Plaintiff reported within 90-days, Defendant is not required to concede or stipulate to the remaining elements.  It is incumbent upon Plaintiff to prove each element of his case. The Court even went above and beyond to permit Plaintiff to provide evidence on those remaining issues by

permitting Plaintiff to introduce his own "last minute" evidence in the form of "retirement points" and denying Defendant's motion to prohibit such evidence. At this late date, Plaintiff still improperly attempts to shift his own burden of proof to the defense. Finally, despite Plaintiff's protestations, it is clear that the jury cut through the debate and ultimately found in favor of Plaintiff on the first three elements. *See* Doc. 79 at Q. 1, 2, 3. Therefore, the motion is denied as to this issue.

### ii. Refusal to grant a mistrial

Plaintiff also argues that Court erred when it failed to grant his motion for mistrial. In the pretrial motions hearing, the Court ruled upon a number of issues. One such issue was the permitted usage of the prior investigations in this USERRA matter by the labor union and Department of Labor. The Court ruled that the findings and actions of the prior investigations would not be admissible and granted Plaintiff's objections. However, the parties could reference any statements for impeachment or prior consistent statement purposes.

In opening statements, Plaintiff's counsel stated that Reese met with the union and that after the company would not relent, the union finally gave up and told Reese to find a lawyer and take it to court. In its opening statements, AFS' counsel referenced a meeting with Reese, AFS employees, and the union representative. AFS then added that the union failed to proceed forward with the grievance and Plaintiff proceeded to file a claim with the Department of Veteran's Affairs.[1] Neither Defense counsel nor Plaintiff's counsel objected to the information contemporaneously. However, after opening statements were completed and outside the presence of the jury, Plaintiff's counsel moved for a mistrial based upon Defendant's reference to the union's decision not to proceed.

---

[1] Defense counsel references the Department of Veteran's Affairs, but the record is clear that the Department of Labor was the agency to handle the claim.

Plaintiff's counsel indicated that at a minimum they would request a limiting instruction, but indicated they thought the prejudice may be so severe to warrant a mistrial. Defense counsel argued that he understood the court's ruling to be applicable to the findings of the Department of Veteran's Affairs because there was no actual finding by the union – just that they did not move forward with any claim. Defense counsel also noted that Plaintiff's counsel brought up the issue of the union and that the union advised Reese to proceed with a claim in court.

While the Court's ruling was originally intended to preclude reference to both the union and the Department of Labor, the Court finds that Plaintiff's counsel opened the door with his statement that the union told Reese to find a lawyer and take it to court. That statement has its own implications about the union's belief in the claim and invited the reply of Defense counsel's statements regarding the interpretation of the union's action (or inaction). In short, Plaintiff's counsel also violated the court's ruling. Finally, the Court later provided a limiting instruction that would specifically address to the jury their consideration of any prior investigations. Specifically the Court instructed "you may have also heard testimony relating to investigations done by the Union and the Department of Labor. Again, you may consider the information that came out through the witness testimony and the evidence presented. But, you may not speculate as what ultimately occurred in those investigations." *See* Doc. 84 at p. 12.

While the Court would have preferred that both counsel stick to the confines original ruling, the Court finds that Plaintiff's counsel's own comments invited reply and the limiting instruction later provided to the jury was sufficient to cure any prejudice that may or may not have resulting from the comments made in opening statements.[2]

---

[2] Defense counsel argues in their brief that Plaintiff waived the objection by not contemporaneously objecting during the opening statement when the comments were made. However, the Court agrees with Plaintiff's counsel in his citation to *McWhorter v. Birmingham*, 906 F.2d 674, 677-78 (11th Cir. 1990). "A contemporaneous objection to improper argument is

### iii. Admission of Evidence and Jury Instructions

The Court addresses these two remaining issues together because they are intertwined as to the substance of Plaintiff's argument – specifically that USERRA allows for a company to increase or enhance the benefits provided by USERRA.

Plaintiff objected to the introduction of Defendant's company policies for any other year than 2009. In a pretrial ruling, the Court heard argument from both parties regarding the admission of company polices from years other than 2009. Ultimately, the Court allowed the admission of the policies to the extent they were brought in through witness testimony relating the documents to the 2009 period at issue. Defendant introduced the policies from 2012 and 2015 through the testimony of Jo Ann Camarata. *See* Def. Ex. 17-18. Ms. Camarata testified that the 2009 policy could not be found and that other policies similar to the 2012 and 2015 had been in place both before and after 2009. She further testified regarding her experience with the application of USERRA at AFS since she handled all hourly employees and USERRA matters. Plaintiff now argues that the admission of that evidence was improper and merits a new trial.

Plaintiff also asserts that the Court erred when it did not provide two requested instructions - Proposed Jury Instruction No. 14 and No. 17 which stated:

> A person who fails to report or apply for employment or reemployment within the appropriate period specified in this subsection shall not automatically forfeit such person's entitlement to the rights and benefits referred to in subsection (a) but shall be subject to the conduct rules, established policy, and general practices of the employer pertaining to explanations and discipline with respect to absence from scheduled work.

> USERRA establishes a floor, not a ceiling, for employment and reemployment

---

certainly the preferable method of alerting the trial court to the error and preserving such errors for review; however, where the interest of substantial justice is at stake, improper argument may be the basis for a new trial even if no objection has been raised." *Id*. (internal quotations and citations omitted). Further, the Court finds that objecting at the time may have drawn more attention to the matter. Regardless, the lack of objection is not fatal to the argument. Rather, the lack of serious prejudice is the issue.

rights and benefits of those it protects. In other words, an employer may provide greater rights and benefits than USERRA requires, but no employer can refuse to provide any right or benefit guaranteed by USERRA.

*See* Doc. 49 at p. 17, 20. The Court acknowledges that those are an accurate statement of the law. However, Plaintiff's problem is that he submitted no evidence that AFS gave more benefits to employees on military leave than what USERRA statutorily requires. Rather, Plaintiff testified explicitly and repeatedly that he returned within the ninety-day requirement and AFS turned him away. The jury chose to disbelieve him.

Plaintiff relies upon *Johnson v. Guerrieri Mgmt.*, 437 F. App'x 853, 858 (11th Cir. Aug. 15, 2011) in support of his argument about the failure to give the instructions. The unpublished *Johnson* court stated:

> We review a district court's decision not to give a requested jury instruction for an abuse of discretion. *Beckford v. Dep't of Corr.*, 605 F.3d 951, 957 (11th Cir. 2010). A district court's failure to give a requested instruction constitutes reversible error if the instruction: (1) was correct; (2) was not substantially covered by the other instructions given; and (3) the failure to give the instruction seriously impaired a party's ability to argue his case. *Id*.
>
> Here, Johnson asked for a jury instruction on 38 U.S.C. § 4312(e)(3), which provides that an employee's failure to timely report to work at the conclusion of his military service does not result in an automatic waiver of his right to reemployment. Guerrieri Management, however, did not contend that Johnson waived his right to reemployment by failing to return to work in a timely fashion. During closing arguments, defense counsel expressly disavowed that theory, stating, "We have never asserted in this case that he was untimely in reporting back to work and that's why we didn't give him his job back. That's not the circumstance here and we don't contend that."
>
> Defense counsel did make some references to Johnson's delay in reporting, but he did so only to suggest that it was unreasonable for Johnson to expect immediate reinstatement and that it was appropriate for Guerrieri Management to take some time to decide where to assign Johnson. Because Guerrieri Management did not take the position that it terminated Johnson because of his delay in returning to work, there was no need for a jury instruction on § 4312(e)(3). Accordingly, we affirm.

*Id*. The Plaintiff argues that because AFS did argue about the failure to timely return that this instruction is required. The Court does not read *Johnson* that broadly. Rather, the Court reads

that the instruction *may be* applicable in scenarios whether timeliness of return is an issue. The *Johnson* holding did not say it is always relevant and must be issued. Rather, it simply stated that it was not an issue in this case and therefore certainly irrelevant.

In the case at hand, timeliness was certainly an issue. However, Plaintiff also presented no evidence that AFS had provided greater rights and benefits than USERRA requires (Instruction 17). Further, Plaintiff presented no evidence of conduct rules, established policy, and general practices of the employer pertaining to explanations and discipline with respect to absence from scheduled work. Rather, Plaintiff solely asserted that because AFS could not provide the 2009 policy that there *could have been* greater rights. This supposition is insufficient to present such a legal theory to the jury. Rather, Defendant presented evidence in the form of testimony, policy documents (albeit from other years), and that all employment matters were subject to a union collective bargaining agreement.

Finally, Plaintiff argues about Defendant's potential violation of discovery requests with a later produced chart. However, Plaintiff is in no position to throw stones regarding discovery violations. It became apparent to the Court in the pretrial motions hearing that both parties had made missteps in the discovery and preparation of the case. Plaintiff attempts to have it both ways – producing late evidence to support his case while arguing Defendant failed. It should go without saying that what is good for the goose is good for the gander.[3] Plaintiff failed at every step of this litigation to provide documentation in the proper form to establish his military duty.

---

[3] "'What's sauce for the goose is sauce for the gander,' a traditional and old fashioned proverb used in Great Britain and Australia and slightly modified in the United States, where it is more-often known as, 'What's good for the goose is good for the gander.' The saying is commonly understood to mean, 'if a particular type of behavior is acceptable for one person, it should also be acceptable for another person.'" *QBE Ins. Corp. v. Jorda Enters.*, Civ. Act. No. 10-21107, 2012 U.S. Dist. LEXIS 35653, *5 n. 1, 2012 WL 913248, *2 n. 1 (S.D. Fla. Mar. 16, 2012) (citation omitted).

Yet, the Court ultimately allowed the presentation of "late obtained" evidence to support Plaintiff's case. It would be inequitable for this Court to let Plaintiff use late produced documents while precluding Defendant from doing the same. Absent a showing of malice or intent to deceive, the Court would be loath to criticize Defendant's discovery habits without also criticizing Plaintiff's own failures. This Court merely views the discovery conducted in this case as being somewhat sloppy on both sides with last-minute scrambling on the eve of trial. Further, Plaintiff could have requested time to review the late documents – as Defendant did with Plaintiff's; but, he did not do so. Nor did Plaintiff make any arguments that the document supported a theory of "increased USERRA" rights until his reply to the post-judgment motion – two months after the jury rendered its verdict. Even then the argument is supposition and assumption. Rather, the evidence presented at trial made it clear that this case boiled down to "either you believed Plaintiff timely reported or you didn't." There was no evidence presented to support a theory of increased USERRA benefits offered by AFS. As such, the Court did not find those jury instructions to be relevant to the facts in this particular case.

### IV. CONCLUSION

Ultimately, as noted by Plaintiff in his own trial brief "[i]t is important to understand from the very beginning that this is a one fact case." *See* Doc. 58 at p. 1. And, that one fact was "whether the Plaintiff reported back to AFS within ninety (90) days after being released from active duty." *Id*. The Court finds that the jury cut through any confusion in presentation and zeroed in on that "one fact." Unfortunately for the Plaintiff, they simply did not believe him and found he did not timely report.

Based on the above, the Plaintiff's Renewed Motion for Judgment as a Matter of Law or Alternatively, Motion for New Trial (Doc. 85) is DENIED.

DONE this 4th day of September, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE